Per Curiam.

The complainant alleges in his bill that he entered into a contract with the Board of Police of Lowndes County to erect a bridge over Luxapalila, in consideration of which he was by said Board authorized to charge toll. He avers performance, .and complains that the defendants are proceeding to erect a free bridge within half a mile of his toll bridge, on the land of the complainant and with his timber, which he had already prepared for use, and prays that they may be enjoined. He alleges that the grant to him by the Board of Police, conferred an exclusive privilege, and that no other bridge can be erected to interfere with his right. We are not called on to decide as to the powers of the boards of county police, or as to the nature and extent of the contract which complainant made. There is no showing that defendants claim any legal right to erect their bridge. If all the allegations of the bill be true, they only show that the defendants have entered on the land of complainant without any authority; that they are taking his timber and with it are erecting a bridge on his land. All this is but a naked trespass, for which there is an ample remedy at law. The showing in the bill lays no foundation whatever for the interposition of a court of chancery.
The decree of the Chancellor must be affirmed.
Judge Trotter, having been concerned as counsel for the appellant, gave no opinion in this case.